# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-2666 AG (FFM) | Date | October 17, 2017 |
| Title | *Paul Edward Duran v. Matthew Cate, Sec. of Corr.* | | |

Present: The Honorable  Frederick F. Mumm, United States Magistrate Judge

| James Munoz | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None present  None present

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On April 19, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Pursuant to the Court's case management order (Dkt. 3), on August 8, 2016, respondent filed an answer to the petition (Dkt. 10). That same date, petitioner sought to both amend the petition by adding seven unexhausted claims and stay these proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. 12.)

With respect to petitioner's motion to amend, the Court determined that petitioner was entitled to amend his petition as a matter of course. (Dkt. 14 at 2.)[1] Accordingly, the Court construed the first amended petition ("FAP") as consisting of one exhausted claim and seven unexhausted claims. (*Id*.) The Court also afforded petitioner an opportunity to provide supplemental briefing discussing why he was entitled to a stay under *Rhines*. (*Id*.) The Court also ordered the following with respect to any opposition: "[i]f Respondent wishes to oppose Petitioner's motion to stay these proceedings, Respondent must file an opposition to the motion within twenty-one (21) days of the date

---

[1] All citations to filings in this case refer to the pagination provided by the Court's electronic docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2666 AG (FFM) | Date | October 17, 2017 |
|---|---|---|---|
| Title | *Paul Edward Duran v. Matthew Cate, Sec. of Corr.* | | |

of Petitioner's supplemental briefing." (*Id.*) Additionally, the Court permitted petitioner to file a reply to any opposition within fourteen days after the filing thereof. (*Id.*)

Petitioner filed a request for a *Rhines* stay on October 18, 2016. (Dkt. 16.) After respondent declined to oppose petitioner's request, on January 10, 2017, the Court granted Petitioner a *Rhines* stay. (Dkt. 21.) In the Order granting the stay, the Court ordered Petitioner to file a status report every ninety days updating the Court on Petitioner's attempts to exhaust his state-court remedies with respect to all of his claims. (*Id.* at 2.)

Petitioner's most recent status report was due, at the latest, on or before July 25, 2017. However, Petitioner has not communicated with the Court in any way since he filed his last status report on or about April 26, 2017. Additionally, the Court notes that Petitioner's latest habeas petition in the California Supreme Court was denied on June 21, 2017, ostensibly indicating that he has exhausted his state court remedies.

Based on Petitioner's failure to file a timely status report and the conclusion of his most recent round of state-court proceedings, Petitioner is ordered to show cause, in writing and within 21 days of the date of this Order, why the stay should not be lifted based on: (1) petitioner's failure to file a status report and (2) the apparent exhaustion of the claims in Petitioner's federal habeas petition. Should Petitioner fail to timely respond to this Order, the Court shall lift the Petitioner's stay and order respondent to file a return to the Petition, regardless of whether Petitioner has exhausted all of his claims.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer    JM